MARÍA ECHEGARAY WIDOW OF VIERA, Petitioner *v.* DISTRICT COURT OF PUERTO RICO, SAN JUAN SECTION, HON. J. M. CALDERÓN, JR., JUDGE, Respondent; RAMÓN LÓPEZ, Intervener.

No. 1884. Argued April 4, 1951.—Decided April 24, 1951.

*Rafael Soltero Peralta, Carlos D. Vázquez,* and *Arnaldo P. Cabrera,* for petitioner. *Abraham Díaz González* and *Raúl Serrano Geyls* for intervener, defendant in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

María Echegaray Widow of Viera, petitioner herein, filed a complaint in the District Court of San Juan in an action of "Accession and for the Recovery of Reasonable Value for the Use of a Lot" against Ramón López, intervener. As the first cause of action plaintiff alleged that she is the owner of a lot located in Hato Rey on which some years ago the defendant, without having any contract of lease with her or with her predecessors, built a house and two wooden shacks; that she wishes to acquire said buildings but has been unable to come to an agreement with defendant regarding the value of the materials and labor, which she estimates are justly and reasonable worth $3,000. As the second cause of action plaintiff alleged that she has tried in vain to reach an agreement with defendant as to the rent the latter should pay her, and that the just and reasonable value for the use and enjoyment by defendant of the parcel of land above described should be $35 monthly. Plaintiff prays, among other things, that it be declared that title to the buildings which defendant has built on her lot be transferred to her by right of accession upon payment to defendant of the money spent in materials and labor, and that defendant be ordered to pay her the sum of $35 monthly from June 1941 until the date of the delivery of possession of said buildings.

The defendant thereupon filed a motion to dismiss the complaint based, as to the first cause of action, on the failure to allege that plaintiff deposited with the complaint a reasonable sum to compensate defendant for the cost of the materials and labor; and as to the second cause of action, on the ground that the facts alleged are insufficient to constitute a cause of action.

The parties having been heard on the motion to dismiss, the lower court entered an order granting said motion, inasmuch as in its judgment the complaint should have alleged "that plaintiff has previously paid defendant or that she de-

posits with the complaint a reasonable sum to compensate the owner. of the constructions for the cost of the materials and labor" and that "this must be so because § 297 of the Civil Code requires the previous indemnity and not the previous tender of payment." As to the second ground of the motion, the court *a quo* was of the opinion that plaintiff could not claim any amount whatsoever for the use of the land in an action of accession. However, by virtue of a motion for reconsideration filed by plaintiff, the lower court modified its view on this second ground, and decided that in actions claiming the right of accession, a reasonable sum for the use of the land may also be claimed. It ratified its view, nevertheless, as to the fact that in actions of accession it is necessary to allege the previous compensation or deposit of money. To review said orders we issued a writ of certiorari at plaintiff's request.

██ It is undeniable that in *Figueroa* v. *Rodríguez*, 68 P.R.R. 248, 252, we said by way of dictum that:

". . . Naturally, when the construction is effected in good faith without the consent of the real owner of the lot, said owner can resort to an action of revendication at any time, whereas when the building is carried out by express agreement, or pursuant to a contract between the parties, the owner of the lot can not institute an action to enforce his right of accession unless it be in conformity with what has been agreed or stipulated. *In either case, however, there should be deposited in connection with the complaint a reasonable sum to compensate the owner of the building for the cost of the materials and labor involved,* the acquisition of the title by accession not being consummated until the plaintiff complies with his obligations to pay to the builder such compensation as may be fixed by a definitive (*firme*) judgment." (Italics ours.)

Likewise, it is true that in *Garcia* v. *Garcia*, 70 P.R.R. 905, we also said at page 913 by way of dictum that:

". . . Furthermore, we have decided, construing the scope of § 297, *supra*, that *the complaint must allege that the plaintiff has previously made the payment to the defendant or that he de-*

*posits therewith a reasonable sum to compensate the owner of the building for the cost of the materials and labor."* (Italics ours.)

A thorough study of the matter convinces us now that we were mistaken in our opinion in said cases. Let us see:

Section 297 of the Civil Code 1930 ed. provides:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the work, sowing or planting, by previously paying the indemnity specified in sections 382 and 383 of this Code,[1] and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."

We see, thus, that said Section grants an alternative to the owner of the land build upon, sown or planted in good faith: (1) If he so wishes he may have the right to appropriate as his own the work, sowing or planting, by previously paying the compensation specified in said Sections, and (2) if he does not exercise said right he may compel the person who built or planted in his land, to pay him the value of the land, or the person who sowed, to pay the corresponding rent. In the case at bar, plaintiff has chosen to appropriate as her own the constructions erected on the land which she alleges belongs to her.

In this type of cases the law does not require a previous deposit. Nor, therefore, does it require the complaint to allege, in order that it should state a good cause of action,

---

[1] Sections 382 and 383 of the Civil Code provide:

"Section 382.—Necessary expenses are refunded to every possessor; but only the possessor in good faith may retain a thing until such expenses are made good to him.

"Useful expenses are refunded to the possessor in good faith with the same right of redention, it being at the option of the party who has defeated him in his possession to refund the amount of the expenses or to pay the increase in the value of the thing in consequence of such expenses."

"Section 383.—Expenses incurred purely for luxury or mere pleasure are not returnable to the possessor in good faith; but he may remove the ornaments with which he has embellished the principal thing if it suffer no injury thereby, and if his successor in the possession does not prefer to refund the amount expended."

that the deposit was made or that plaintiff has paid defendant the value of the thing object of the complaint, that is, that a compensation from plaintiff to defendant took place prior to the filing of the complaint. What the law really provides is a previous compensation in order that the owner of the land built upon, sown or planted in good faith, may have the right to appropriate as his own the work, sowing or planting. In other words, § 297, *supra*, merely requires a previous compensation to the person who built, sowed or planted in good faith on another's land in order that the accession be consummated and the owner of the land may acquire ownership of the thing built, sown or planted. See Judgments of the Supreme Court of Spain of January 2, 1928, (180 *Jurisprudencia Civil* 1, 11); and of May 21, 1928 (183 *Jurisprudencia Civil*, 839, 851); as well as Manresa, *Comentarios al Código Civil Español,* Vol. III, Sixth Edition, 1934, p. 216; Sánchez Román, *Derecho Civil*, Vol. 3, Second Edition, 1900, p. 149; and *Enciclopedia Jurídica Española* by Francisco Seix, Vol. I, p. 367. Indeed, the deposit or compensation, prior to the filing of the complaint is not necessary, for, during the prosecution of the action claiming the right of accession, the defendant continues in possession of the thing, and delivers it only when he has received the compensation granted by the court.[2] Judgment of the Supreme Court of Spain of July 8, 1897 (82 *Jurisprudencia Civil* 171, 177).

Consequently, what we said by way of dictum in the cases of *Figueroa* v. *Rodríguez* and *García* v. *García* regarding the need of a deposit or compensation previous to the filing of the complaint is hereby overruled.

The order rendered by the District Court of Puerto Rico, San Juan Section, on October 11, 1950, will be set aside.

---

[2] In accordance with § 382, the possessor in good faith may retain the thing until the necessary expenses are refunded to him.